IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BREAD FOR THE CITY<br>1525 7th St NW<br>Washington, DC 20001,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. SOCIAL SECURITY<br>ADMINISTRATION<br>6401 Security Blvd<br>Baltimore, Maryland 21235,<br><br>*Defendant*. | Civil Action No._____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. Plaintiff, Bread for the City, brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, against Defendant, the United States Social Security Administration ("SSA"). In its FOIA request, Bread for the City sought a copy of the Social Security Number application of its client, Joel Dixon.

2. Defendant violated FOIA by failing to make a determination on Bread for the City's request, dated April 3, 2024, by the twenty business day deadline. Accordingly, Bread for the City seeks declaratory relief that SSA has violated FOIA and injunctive relief requiring the immediate processing and release of the requested records.

## Jurisdiction and Venue

3. This court has subject matter jurisdiction over this action pursuant to 5 U.S.C. §§ 552(a)(4)(B), (a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

## Parties

5. Plaintiff Bread for the City is a Section 501(c)(3) nonprofit organization. Its mission is to help Washington, D.C. residents living with low income to develop their power to determine the future of their own communities. Plaintiff accomplishes this mission through many services including the provision of food, clothing, medical care, and legal and social services to individuals. Relevant here, Bread for the City is assisting a client to obtain personally identifying information from their SSA application as part of the process of requesting a delayed birth certificate, so that the client can obtain a state identification card.

6. Defendant, the U.S. Social Security Administration, is an agency of the U.S. federal government responsible for administering the Social Security program. Defendant is an agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1), with the possession, custody, and control of the requested records.

## Plaintiff's April 3, 2024 FOIA Request

7. On April 3, 2024, Bread for the City submitted a FOIA request by letter to SSA seeking a copy of Joel Dixon's application for a Social Security Number. A true and correct copy of this FOIA request is attached to this Complaint as Exhibit A.

8. Bread for the City appended to the April 3, 2024, FOIA request a "Social

Security Administration Consent for Release of Information" form (SSA-3288). This form, signed by Mr. Dixon, authorizes Plaintiff to request a copy of his application for a Social Security Number on his behalf. Plaintiff also submitted form SSA-714, including Plaintiff's credit card information, and authorizing SSA to charge a processing fee. A true and correct copy of these forms can be found in Exhibit A to this Complaint.

9. Plaintiff's April 3, 2024, FOIA request reasonably described the records being sought, i.e., Mr. Dixon's Social Security Number application, and was made in accordance with all published rules, including completing consent forms SSA-3288 and SSA-714.

10. On April 16, 2024, SSA replied to Bread for the City by letter, acknowledging receipt of its request and assigning it request number 2024-PA-00948.

11. On July 29, 2024, SSA informed attorney Tracy Davis of Bread for the City that Bread for the City needed to resubmit its request. SSA explained that it required two payment forms, one each for the "SS-5 and Numident" records.

12. On July 30, 2024, Bread for the City resubmitted the request as instructed.

13. On July 31, 2024, SSA stated that the request was processed and "forwarded to the appropriate SSA department for further action."

14. After receiving no further response, on November 1, 2024, Ms. Davis emailed the SSA FOIA Public Liaison for an update, to which she was told that "the Office of Earnings and International Operations (OEIO), Division of Earnings and Business Services (DEBS) has jurisdiction over the records" requested.

15. Between November 1, 2024, and January 21, 2025, Ms. Davis contacted both the SSA FOIA Public Liaison and DEBS via email and telephone multiple times seeking an update and received no response.

**Statutory and Regulatory Background**

16. An agency must make a determination within twenty days of receipt of a request, excluding Saturdays, Sundays, and legal public holidays, about whether to comply. 5 U.S.C. § 552(a)(6)(A)(i). After making a determination, the agency must promptly notify the requesting entity of such a decision and the "reasons therefor," the rights of the requester to seek assistance from the FOIA Public Liaison for the agency, and, if applicable, the requester's right to appeal. 5 U.S.C. § 552(a)(6)(A)(i)(I)–(III).

17. Moreover, the FOIA provides that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules ... shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

18. After a FOIA request is received by an agency, it must "make reasonable efforts to search for the records." 5 U.S.C. § 552(a)(3)(C). If the agency identifies any responsive records, the agency must make them "promptly available." *Id.*

19. If an agency fails to make a determination within the prescribed time frame, requesters are deemed to have exhausted their administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

**PLAINTIFF'S CLAIM FOR RELIEF**
**(Failure to Issue a Determination)**

20. Plaintiff repeats and realleges paragraphs 1-19 as if they were fully set forth herein.

21. In its April 3, 2024, FOIA request, Plaintiff properly sought records within the custody and control of Defendant, the U.S. Social Security Administration.

22. Defendant wrongfully withheld agency records requested by Plaintiff by failing to make a determination on Plaintiff's request within the statutorily prescribed time period of 20

business days, as required by 5 U.S.C. § 552(a)(6)(A).

23. Plaintiff has constructively exhausted its administrative remedies.

24. Accordingly, Plaintiff is entitled to injunctive and declaratory relief requiring Defendant to immediately process and disclose all requested records to Plaintiff.

### Prayer for Relief

WHEREFORE, Plaintiff, Bread for the City, respectfully requests this Court:

1. Issue a declaration that Plaintiff is entitled to the immediate processing and disclosure of the requested records to Plaintiff;

2. Order Defendant to immediately process and disclose all responsive records to Plaintiff;

3. Provide for expeditious processing of this action;

4. Retain jurisdiction over this action to ensure that no agency records are wrongfully withheld;

5. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(F)(i); and

6. Grant any other such relief that this Court may deem just and proper.

Date: April 24, 2025                    Respectfully Submitted,

*/s/ Jeffrey S. Gutman*
Jeffrey S. Gutman (D.C. Bar No. 416954)
jgutman@law.gwu.edu
Public Justice Advocacy Clinic
George Washington University Law School
2000 G Street, N.W.
Washington, D.C. 20052
Telephone: 202-994-5797
Fax: 202-994-3362
*Attorneys for Plaintiff*

5